# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 05-14090-CR-MARTINEZ/LYNCH

**UNITED STATES OF AMERICA,**

 **Plaintiff,**

v.

**LEONARD P. BOGDAN, JR.,**

 **Defendant.**

_____/

FILED by _____ D.C.

NOV - 7 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA.

## REPORT AND RECOMMENDATION ON COUNSEL'S CJA VOUCHER FOR ATTORNEY'S FEES [VOUCHER #FLS 05 1688]

**THIS CAUSE** having come on to be heard upon the aforementioned CJA voucher and this Court having reviewed the voucher and the attachments submitted by counsel for the Defendant Bogdan and this Court otherwise being advised in the premises, this Court recommends to the District Court as follows:

1.     The maximum amount permissible under the statute, 18 USC §3006A, is $7,000.00 in attorney's fees.   Counsel for the Defendant seeks reimbursement of $28,757.80 at the hourly rate provided for based upon the Judiciary Appropriations Act of 2006. Mr. Chapman, as counsel for the Defendant, also seeks reimbursement of travel expenses and costs in the amount of $1,033.26.

2.     This Court has reviewed the voucher as well as all of the attachments provided by Mr. Chapman in his application.  Additionally, the CJA Voucher Administrator has previously reviewed these expenses and has adjusted them as reflected on the face of the voucher.

3.      Title 18, United States Code §3006A(d)(3), permits the maximum amounts to be waived if the Court makes a specific finding and certifies that the case was "extended" or "complex."  Extended is defined as a case requiring more time than the normal case.  A complex case is defined as one involving facts unusual so as to justify expenditure of more time, skill and effort than normal.

4.      This underlying case involved a multi-defendant Indictment.  The Defendant Bogdan was charged in sixteen counts.  Count One charged him with conspiracy to commit mail fraud, Counts Two through Eleven inclusive charged the Defendant Bogdan with the substantive offense of mail fraud.  Counts Twelve through Sixteen inclusive charged the Defendant Bogdan with conducting financial transactions with proceeds from unlawful activities.

5.      The prosecution of the matter was begun with the Defendant's initial appearance before this Court on December 16, 2005.  Shortly thereafter, Mr. Chapman was appointed as Criminal Justice Act counsel for the Defendant.  This occurred on January 18, 2006 after previous counsel appointed by this Court had to withdraw.

6.      This Court is intimately familiar with the underlying facts of this case since it handled many of the pretrial motions and all of the proceedings concerning the Defendant's initial appearance, arraignment and bond.  There were bond hearings and Nebbia hearings.  There were also pretrial motions in limine, motions for discovery and other pretrial issues relating to investigative expenses.  There were also ten separate discovery responses by the government in this case which had to be reviewed by counsel for the Defendant Bogdan.  This Court also notes that the government had noticed expert witness testimony involved in this case as well.

2

7.    The trial began in this matter before Judge Martinez on February 20, 2007. The trial lasted twelve days. It concluded on March 9, 2007 with a return of a guilty verdict as to the Defendant Bogdan on all counts. There were intermittent days when the trial was not held due to other proceedings that the Court and/or counsel had to attend to.

8.    Sentencing was held before Judge Martinez on May 16, 2007.    The Defendant received a total sentence of 360 months. He was sentenced to 60 months on Count One. He was sentenced to 60 months on each of the Counts Two through Eleven. The 60 months sentence on each of those counts would run concurrent with each other, but consecutive to the sentence in Count One.  In respect to Counts Twelve through Sixteen inclusive, the Defendant Bogdan was sentenced to 240 months on each count. Each of those sentences was to run concurrent with each other, but consecutive to the sentence in Count One and Counts Two through Eleven.  Therefore, the resultant 360 months sentence.

9.    This Court does not find a hearing necessary in this matter since this Court is familiar with the underlying proceedings. This Court finds that this case is a classic case of one which could be defined as extended and complex. United States v. Bridges, 2007 WL 988866 (S.D. Fla. 2007). The Court has reviewed the tasks performed and the amount of time devoted to those tasks by Mr. Chapman and find them to be reasonable in all respects.  Due to the complex nature of the case, the number of counts with which the Defendant Bogdan was charged and the complex evidence in such a "white collar crime" case, this Court finds that the time expended by Mr. Chapman was both necessary and reasonable.  Further, the reimbursement of expenses and costs set forth in the voucher is reasonable and should be awarded as well.

3

**ACCORDINGLY,** this Court recommends to the District Court that the CJA Voucher be **GRANTED** in all respects and that counsel for the Defendant be reimbursed in the total sum of $29,791.06 representing attorney's fees and costs referenced herein.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, United States District Judge assigned to this case.

**DONE AND SUBMITTED** this _____ day of November, 2007, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
Ronald S. Chapman, Esq.
Lucy Lara, CJA/Case Administrator

4